UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN POWERS<br><br>   Plaintiff,<br><br>   v.<br><br>TOWN OF DURHAM, NH,<br><br>   Defendant. | No. 1:23-cv-00327-SM |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Town of Durham, NH ("the Town") by its attorneys Jackson Lewis, P.C., hereby answers the First Amended Complaint of Plaintiff John Powers as follows:

1. Admitted.

2. Admitted.

3. Defendant is without sufficient information to admit or deny the allegations in Paragraph 3 and therefore denies them.

4. Admitted that Plaintiff's initial employment with the Town began on May 2, 2011. As to all remaining allegations in Paragraph 4, the Town is without sufficient information to admit or deny these allegations and therefore denies them.

5. Admitted.

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

10. Admitted that Plaintiff sent Chief Emanuel a copy of his DISC assessment and that the DISC assessment was immaterial and unrelated to Plaintiff's alleged PTSD. As to all remaining allegations in Paragraph 10, the Town is without sufficient information to admit or deny these allegations and therefore denies them.

11. Denied.

12. Admitted that a meeting took place on February 27, 2020 with Plaintiff, Chief Emanuel and Assistant Chief Trull to discuss a Performance Improvement plan drafted by Chief Emanuel for Complainant. Admitted that Complainant walked out of the meeting and refused to discuss the PIP with Chief Emanuel. As to all remaining allegations contained in Paragraph 12, denied.

13. The letter from Chief Emanuel speaks for itself. To the extent a responsive pleading is deemed required, denied.

14. Admitted that Plaintiff requested to grieve the Performance Improvement Plan and that Plaintiff refused to allow disclosure of the results of the fitness for duty evaluation. Denied as to all remining allegations in Paragraph 14.

15. Admitted that Plaintiff was terminated from his employment on March 19, 2020. Denied as to all remaining allegations in Paragraph 15.

**COUNT I**
**DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA, REHABILITATION ACT, AND RSA 354-A**

16. Defendant restates and incorporates by reference the foregoing paragraphs as if fully set forth herein.

17. Admitted.

18. Paragraph 18 contains legal conclusions to which no responsive pleading is

required. To the extent a responsive pleading is deemed required, denied.

19. Denied.

20. Defendant is without sufficient information to admit or deny the allegations in Paragraph 20 and therefore denies them.

21. Denied.

22. Paragraph 22 contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed required, denied.

23. Denied.

## COUNT II
**RETALIATION IN VIOLATION OF THE ADA, REHABILITATION ACT, AND RSA 354-A**

24. Defendant restates and incorporates by reference all foregoing paragraphs as if fully set forth herein.

25. Paragraph 25 contains legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed required, denied.

26. Admitted that Plaintiff was placed on a PIP. Denied as to all remaining allegations.

27. Admitted.

28. Admitted that Defendant terminated Plaintiff. Denied as to all remaining allegations.

29. Denied.

**FURTHER ANSWERING AND BY WAY OF AFFIRMATIVE DEFENSE,** Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint to establish a prima facie case of discrimination or retaliation.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state claims upon which relief can be granted as a matter of fact and/or law.

### THIRD AFFIRMATIVE DEFENSE

All actions taken by Defendant with respect to Plaintiff's employment were taken for legitimate business reasons and were consistent with applicable law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to enhanced compensatory damages under RSA 354-A.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff can establish damages, they are barred, in whole or in part, by his failure to effectively mitigate damages.

### SIXTH AFFIRMATIVE DEFENSE

If any allegations of unlawful conduct are true, the Defendant's employees implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred from recovery by the doctrines of laches, waiver, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred from recovery, in whole or in part, by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of sovereign, municipal, and/or statutory immunity.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of sovereign, municipal, and/or statutory immunity.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims to have suffered damages, such damages were caused by Plaintiff's own acts or omissions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any actions of Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant denies any and all claims of liability.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant's liability is limited pursuant to RSA 507-B:4.

### DEMAND FOR JURY TRIAL

Defendant requests a jury trial in this matter.

### RESERVATION OF RIGHTS

Defendant reserves the right to add such other additional affirmative defenses and/or counterclaims as may become evident through the discovery process and as the case progresses.

WHEREFORE, Defendant respectfully requests that this Honorable Court:

A. Enter judgment in its favor;

B. Dismiss Plaintiff's Complaint with prejudice;

C. Award Defendant its attorneys' fees, costs and expenses; and

D. Grant such further and other relief as the Court deems appropriate.

Respectfully Submitted,
TOWN OF DURHAM, NH
By its attorneys,
JACKSON LEWIS P.C.,

Date: December 27, 2023					*/s/ Samuel H. Martin*
K. Joshua Scott (NHBA# 17479)
Samuel H. Martin (NHBA# 272195)
JACKSON LEWIS P.C.
100 International Drive, Suite 363
Portsmouth, NH 03801
Phone: (603) 559-2700
Fax: (603) 559-2701
joshua.scott@jacksonlewis.com
samuel.martin@jacksonlewis.com

## Certificate of Service

I hereby certify that a copy of the foregoing was this day served via the Court's electronic filing system on Gregory L. Silverman, Esq., counsel for Plaintiff.

Date:   December 27, 2023			By:	*/s/ Samuel H. Martin*
							Samuel H. Martin

4853-7590-5136, v. 2