**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| JOHN POWERS<br><br>    Plaintiff,<br><br>        v.<br><br>TOWN OF DURHAM, NH,<br><br>    Defendant. | No. 1:23-cv-00327-SM |

**DEFENDANT'S MOTION IN *LIMINE* TO PRECLUDE EVIDENCE OF**
**PLAINTIFF'S CLAIMS FOR BACK PAY AND FRONT PAY**

Defendant Town of Durham, NH ("Durham"), by its attorneys, Jackson Lewis, PC, moves *in limine* to preclude any evidence or argument at trial relating to Plaintiff's claims for back pay and front pay. Plaintiff's alleged economic damages are speculative, unsupported by documentation of lost income, and unaccompanied by expert testimony. Additionally, any evidence or argument concerning front pay should be barred for the independent reason that the determination of front pay is a matter reserved solely for the Court, not the jury. In support of this Motion, Defendant states as follows:

1.      Plaintiff seeks economic damages in the form of lost wages, back pay, and front pay.

2.      "An award of back pay compensates plaintiffs for lost wages and benefits between the time of the discharge and the trial court judgment. Front pay, by contrast, is money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Johnson v. Spencer Press of Me., Inc.*, 364 F.3d 368, 378 (1st Cir. 2004) (internal

quotation and citations omitted). "Yet, it remains a cardinal, albeit frequently unarticulated assumption, that a backpay remedy must be sufficiently tailored to expunge only the actual, and not merely speculative, consequences of the unfair labor practices." *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 900 (1984); *see also Szeinbach v. Ohio State Univ.*, 820 F.3d 814, 824 (6th Cir. 2016), cert. denied, 137 S. Ct. 198 (2016) (citation omitted) (A plaintiff "cannot rest her entitlement to back pay on mere speculation about what she would have earned in the absence of discrimination."). Likewise, "[f]ront pay damages cannot be based entirely on speculation and should not provide more to the plaintiff than compensation for what will be lost." *Nashawaty v. Winnipesaukee Flagship Corp.*, 2016 U.S. Dist. LEXIS 149754, at *4 (D.N.H. 2016). "[I]t is plaintiff's burden to present a non-speculative basis for determining economic damages." *Tse v. UBS Fin. Servs.,* 568 F. Supp. 2d 274, 308 (S.D.N.Y. 2008) (*citing Bracey v. Bd. of Educ.*, 368 F.3d 108, 119 (2d Cir. 2004); *see also Taliferro v. Augle*, 757 F.2d 157, 162 (7th Cir. 1985) ("A plaintiff is not permitted to throw himself on the generosity of the jury. If he wants damages, he must prove them.").

3.      Here, Plaintiff worked for the Rochester Fire Department from June 2020 until his termination in May 2021 and then at Lincoln Financial Group from August 2021 until his voluntary resignation in July 2022.  Since that time he has worked as a "Field Technician" for the family business and has provided no documentary support for any alleged lost wages.  Though his voluntary resignation from Lincoln Financial should preclude any further back pay, even if it did not, the absence of any documentation or evidence regarding his wages or earnings from July 2022, should bar any further back pay. Further, he has failed to provide any specific calculation of the damages he seeks.

4.      Plaintiff's economic damages claim lacks evidentiary foundation and remains entirely speculative. He has not retained an expert, calculated a definitive damages figure, or provided reliable documentation beyond July 2022. Accordingly, Plaintiff has not presented a credible basis for any award of economic damages after his voluntary resignation from Lincoln Financial and should be precluded from seeking such relief at trial.  Moreover, even if he had produced such evidence, his decision to voluntarily resign from employment and not seek further employment other than through his spouse's business should preclude any further back or front pay based on his failure to mitigate.  Johnson, 364 F.3d at 382.

5.      Moreover, Plaintiff is not entitled to an award of front pay for the independent reason that he has not offered expert testimony or other competent evidence to discount any claimed future damages to their net present value. This Court has previously held that a plaintiff may not recover future economic damages without providing such evidence, and Plaintiff's failure to do so is fatal to his front pay claim.  *See West v. Bell Helicopter Textron, Inc.*, 967 F.Supp. 2d 479, 500 (D.N.H. 2013) (*citing Reed v. Nat'l Council of Boy Scouts of Am., Inc.*, 706 F.Supp. 2d 180, 194-95 (D.N.H. 2010)). According to this Court, the jury cannot be left to calculate the requisite discounting based "'upon personal knowledge [they] may or may not possess' as to how to perform such a calculation." *West,* 967 F.Supp. 2d at 500 (*quoting Hutton v. Essex Group, Inc.*, 885 F.Supp. 331, 334-35 (D.N.H. 1994).

6.      In any event, if the Court allows Plaintiff to seek front pay, the determination of front pay lies exclusively within the Court's discretion as an equitable remedy in lieu of reinstatement. When reinstatement is not available or practicable, an award of front pay is committed to the Court's discretion.  *See generally Johnson,* 364 F.3d at 380. While this Court has, in some instances, submitted the issue of front pay to the jury for an advisory verdict, it is

3

under no obligation to do so. *See, e.g., Downes v. Volkswagen of America, Inc.,* 41 F.3d 1132, 1142 (7th Cir. 1994) ("The court may submit the issue [of front pay] to the jury for advice, but it is not bound by the jury's advisory verdict."). Although Defendant acknowledges the Court's discretion in this regard, allowing Plaintiff to present speculative and unsupported front pay claims to the jury risks undue prejudice and confusion, which this Court should avoid.

7.      Plaintiff's entitlement to front pay, and the amount he seeks, is irrelevant to any issue properly before the jury. The potential dollar value of Plaintiff's front pay claim poses a significant risk that the jury may improperly infer the merits of his case based solely on the magnitude of his claimed damages. Under Fed. R. Evid. 403, the minimal probative value of Plaintiff's testimony regarding future earnings is substantially outweighed by the danger of unfair prejudice. Accordingly, such testimony should be excluded from presentation to the jury.

8.      Excluding front pay evidence from the jury does not prejudice Plaintiff. Should the Court permit Plaintiff to pursue front pay, he may present his testimony directly to the Court, which retains sole authority to determine the appropriateness and amount of any such award.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Honorable Court:

A.      Preclude Plaintiff from introducing any evidence or argument regarding his claims for back pay after July 2022 and for front pay, including testimony referencing speculative future earnings or unsubstantiated damages;

B.      Bar Plaintiff from presenting any evidence of future economic damages absent expert testimony or competent evidence discounting such damages to net present value;

C. In the alternative, exclude Plaintiff's testimony regarding front pay from presentation to the jury, as the determination of front pay is an equitable remedy reserved for the Court; and

D. Grant any further relief that this Court deems just and proper.

Respectfully Submitted,
Town of Durham, NH,
By its attorneys,
JACKSON LEWIS P.C.,

Date: July 21, 2026    By: /s/K. Joshua Scott
               K. Joshua Scott, NHBA# 17479
               100 International Drive, Suite 363
               Portsmouth, NH 03801
               603.559.2711 | Direct
               joshua.scott@jacksonlewis.com

Certificate of Service

I hereby certify that a copy of the foregoing was this day served via the court's electronic filing system on all parties of record.

Date: July 21, 2026    By: /s/K. Joshua Scott
               K. Joshua Scott

4911-8137-5095, v. 1

5
